Celinda McCullough, Administratrix, and John
McCullough, Administrator, of the Estate of
James S. McCullough, Deceased,

*v.*

State of Illinois.

*Opinion filed December 17, 1914.*

Contracts—*when law will imply promise to pay.* Where a State
officer is obliged to lay out and expend sums of money in defending
a suit brought against him, the basis of which suit is the doing of
some act or acts in his official capacity, in order to safeguard the
interests of the State, equity will require that he be reimbursed the
amount of his necessary outlay.

Smith and Friedmeyer, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

The claimants are the legal representatives of James
S. McCullough, deceased, who was Auditor of Public
Accounts of the State of Illinois, from January 1897,
to January 1913.

Charles W. Spaulding, a former treasurer of the
Board of Trustees of the University of Illinois, defaulted with a large amount of money that was turned
over to him as treasurer of that institution.

The trustees of the university, in conjunction with
the Attorney General of the State, endeavored to compromise the matter, and after considerable negotiations, Spaulding turned over to the trustees and one
Francis W. McKay, securities, stocks and bonds of
various companies, and deeded to the trustees, his interest in certain lands in Chicago, Illinois, Idaho and
other places, in trust, that the same be administered
so that the proceeds should be applied for the reimbursement of his defalcations.

In the year 1897, an Act was passed creating what
was known as the Spaulding Commission, which consisted of the Governor, Auditor and Treasurer of the
State of Illinois.   The commission was empowered

and directed to handle the property turned over by the said Spaulding, and the funds realized from the sale thereof, were to be turned into the State treasury.

Spaulding was tried and convicted for his defalcation, and after his release from prison started suit against the University of Illinois and others for an accounting. This suit was dismissed, and later he commenced another suit against James S. McCullough and several other former officers of the State, in which he charged a violation of their trust relative to the property turned over to them.

This suit was finally compromised and settled by an Act of the legislature, approved June 26, 1913, in which ten thousand ($10,000.00) dollars was appropriated for the purpose of settling and adjusting Spaulding's claim.

It appears from the record in this case, that when these suits were started against James S. McCullough and others, the said McCullough retained counsel to defend said suits, and as a result, it became necessary for him to pay from his own funds, nine hundred thirty-six and sixty hundredths ($936.60) dollars for attorney fees and other expenses incident thereto.

Claimants now ask that we make an award for this amount, and insist that the money so paid out and expended by the said McCullough was not for his benefit, but that everything that was done by him in this transaction, was done as an officer of the State in his official capacity for the benefit of the State as required by law.

Equity would require that the estate of James S. McCullough, deceased, be reimbursed for the money expended by him in connection with these transactions, and we therefore make an award in claimants' favor, in the sum of nine hundred thirty-six and sixty hundredths ($936.60) dollars.